UNITED STATES DISTRICT COURT WESTERN DISTRICT
OF NORTH CAROLINA CHARLOTTE DIVISION
CASE NO.: 3:26-cv-00095-FDW-WCM

| | | |
|---|---|---|
| VALERIE MOBLEY, as Administrator of the Estate of RENNY DE'ANGELO MOBLEY, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | **REPLY IN SUPPORT OF DEFENDANT SALOMON SANCHEZ'S MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| GARRY MCFADDEN in his Official Capacity *et. al*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Salomon Sanchez, PA ("Mr. Sanchez") respectfully submits this Reply to Plaintiff's Memorandum in Opposition of Defendant Salomon Sanchez's Motion to Dismiss [D.E. 74]. Plaintiff's arguments fail to cure her pleading deficiencies. The Court should dismiss her Complaint as to Mr. Sanchez for failure to state a claim upon which relief can be granted.

### I.     MR. SANCHEZ'S MOTION TO DISMISS IS AND TIMELY.

Rule 12(b)(6) tests the sufficiency of the complaint as pleaded, not what a plaintiff hopes discovery might later produce. The Supreme Court has expressly rejected the notion that a plaintiff may proceed to discovery in the hope of uncovering facts sufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Accordingly, Plaintiff's suggestion that Mr. Snachez's motion is premature because discovery has not yet occurred is unsupportable, because Rule 12(b)(6) requires a plaintiff to plead a plausible claim for relief before a plaintiff can advance to discovery. Moreover, the lack of discovery does not cure

Plaintiff's deficient allegations, especially where Plaintiff admits the Complaint was based on existing records and policies.

Indeed, the sheer scale of discovery Plaintiff's counsel proposes—over 91 party and non-party depositions—underscores the need to resolve Plaintiff's deficient pleading now, so that Mr. Sanchez is not burdened by such massive discovery on causes of action that fail as a matter of law. Courts routinely assess facial pleading sufficiency at the motion to dismiss stage in these types of matters. *See e.g. Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023) (holding that whether a deliberate indifference claim is plausible is determined from the face of the complaint under Rule 12 standards).

## II. PLAINTIFF FAILS TO PLEAD ANY PLAUSIBLE CLAIM AGAINST MR. SANCHEZ.

Plaintiff's reliance on *Swink* and *Farmer* is misplaced. In *Swink*, the 4th Circuit considered the district court's evaluation of the "so obvious that it should be known" standard at the summary judgment stage after a full evidentiary record was developed. 160 F.4th 438 (4th Cir. 2025). At the pleading stage, Plaintiff must still allege sufficient facts from which it is plausible to infer that the risk of possible harm to Mr. Mobley was either known or "so obvious" to Mr. Sanchez at the time of his alleged acts and omissions. Plaintiff fails to allege any such facts as to Mr. Sanchez. Plaintiff instead attempts to blur the lines by invoking general licensure duties and broad references to decades-old records. But those generalized obligations cannot serve as a subterfuge replacing the requirement that she plead facts showing Mr. Sanchez himself was aware of an obvious risk or that such a risk was "so obvious" to him at the relevant time. Here, Plaintiff's claims remain speculative and insufficient as to Mr. Sanchez.

Plaintiff also argues that Mr. Sanchez owed a duty to Mr. Mobley as his "treating prescriber," and that Mr. Sanchez "provides no legal authority upon which being a treating prescriber who is also void of any duty, is legally permissible." D.E. 74 at 6. However, Plaintiff alleges no facts showing that Mr. Sanchez's limited role in issuing a single prescription under the MCDCC's Medication Verification Policy expanded his duty to encompass the evaluation, diagnosis, or treatment of all of Mr. Mobley's conditions, including mental health conditions reserved to other providers pursuant to policy. *See, e.g., Nordan v. Carson*, 2025 WL 2325151, at \*6–7 (E.D.N.C. 2025) (analyzing deliberate indifference on a provider-by-provider basis and dismissing claims where the defendant lacked sufficient personal involvement or individualized knowledge of the risk).

Although Plaintiff protests, the Complaint is littered with impermissible group pleading. Indeed, Plaintiff's list of Mr. Sanchez's supposed transgressions is supposedly identically applicable to three other persons. Complaint at ¶ 508. Moreover, Plaintiff expressly lumps in Mr. Sanchez with others on numerous forward-looking obligations that extend well past Mr. Sanchez's sole involvement with Mr. Mobley on February 19, 2023. Plaintiff makes no allegations that Mr. Sanchez had any ongoing treating relationship with Mr. Mobley and attributing to him a continuing duty to monitor and respond over more than thirteen months without facts showing his ongoing involvement constitutes improper group pleading. *See, e.g., Estate of Billups v. Baker*, 2023 WL 2333886, at \*2–3 (E.D.N.C. 2023) (rejecting conclusory allegations attributing knowledge to a defendant without facts showing how that knowledge was obtained or tied to the defendant personally).

In the opposition, Plaintiff simply asserts that her state law claims for medical negligence and wrongful death are properly and sufficiently pleaded, without any real

3

analysis. Plaintiff also brazenly suggests that her pleading states a viable claim for punitive damages against Mr. Sanchez by citing a paragraph in her complaint that merely concludes Mr. Sanchez and three other defendants violated Mr. Mobley's due process rights and are liable under 42 U.S.C. § 1983. D.E. 74 at 10, citing Compl. at ¶ 509. However, within Plaintiff's 126-page complaint, she does not make a plausible allegation of medical negligence and proximate causation linking Mr. Sanchez's singular interaction to Mr. Mobley's death over 13 months later. The threshold for punitive damages requires more than conclusory assertions in a brief that a defendant's conduct "shocked the conscience." Plaintiff here baldly asserts that Mr. Sanchez's actions demonstrate willful and wanton conduct rather than alleging specific facts evidencing such conduct. *See, e.g., Harrington v. S. Health Partners, Inc.*, 2022 WL 3998750, at *7–8 (M.D.N.C. 2022) (dismissing punitive damages claim where the complaint contained only conclusory allegations and lacked facts showing willful or wanton conduct by the defendant's officers or decisionmakers).

As it pertains to qualified immunity, Plaintiff's reliance on *Richardson* is overstated because that decision does not categorically foreclose qualified immunity for all private contractors performing governmental functions. *See Richardson v. McKnight*, 521 U.S. 399, 413 (1997). Rather, the Supreme Court made clear that its holding was narrow and confined to the specific context before it, namely, privately employed prison guards working for a for-profit firm operating a correctional facility with limited governmental supervision. *Id.* The Court also expressly declined to address whether qualified immunity may apply to private individuals serving as adjuncts to government or acting under close official direction. *Id.* Accordingly, qualified immunity analysis turns on function and context, not simply employment status. *See also, e.g., Thomas v. McFadden*, 810 F. Supp. 3d 732 (W.D.N.C. 2025)

4

(recognizing that medical providers employed by a private contractor at a county jail act under color of state law as agents of the sheriff in providing constitutionally required care to detainees); *Currie v. United States*, 836 F.2d 209, 212–13 (4th Cir. 1987) (emphasizing that legal responsibility turns on the authority and function exercised, not merely the actor's status). In any event, Plaintiff has not plausibly alleged a violation of clearly established law.

## CONCLUSION

Based on the foregoing, Mr. Sanchez respectfully requests that the Court grant his Motion to Dismiss, and issue an order that Plaintiff's claims against him are dismissed, with prejudice.

HUFF POWELL & BAILEY, PLLC

BY: _____
Joshua Hiller / State Bar No. 39010
Jonathan Patton / State Bar No. 54949
3737 Glenwood Avenue, Suite 120
Raleigh, NC  27612-5505
(984) 238-2380
jhiller@huffpowellbailey.com
jpatton@huffpowellbailey.com
*Counsel for Defendant Salomon Sanchez*

5

6

## CERTIFICATE OF WORD COUNT

The undersigned certifies that, in reliance on a word count generated by word processing software, Defendant's Reply in Support of His Motion to Dismiss, complies with the applicable word limit set forth in the Initial Scheduling Order for this matter.

BY: _____
Joshua Hiller / State Bar No. 39010
Jonathan Patton / State Bar No. 54949

## CERTIFICATION OF COMPLIANCE WITH STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing complies with the requirements set forth in this Court's Standing Order In Re: Use of Artificial Intelligence (3:24-mc-104). No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been verified by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

BY: _____
Joshua Hiller / State Bar No. 39010
Jonathan Patton / State Bar No. 54949

7

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the CM/ECF system in accordance with the Local Rules and was therefore served on counsel for parties that have properly registered to receive electronic service.

BY: _____

Joshua Hiller / State Bar No. 39010
Jonathan Patton / State Bar No. 54949

8